# Exhibit F



**U.S. Chamber of Commerce**

1615 H Street, NW
Washington, DC 20062-2000
uschamber.com

March 21, 2023

The Honorable Michael S. Regan
Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Washington, DC  20004

The Honorable Todd Sunhwae Kim
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530

Dear Administrator Regan and Assistant Attorney General Kim:

I write on behalf of the U.S. Chamber of Commerce concerning the Environmental Protection Agency's (EPA's) and Department of Justice's (DOJ's) approaches to resolution of liability issues under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA).[1]

CERCLA is one of the broadest liability statutes in federal law.  The Chamber supports accelerating clean-ups at Superfund sites.  Based on CERCLA's strict, retroactive, and generally joint and several liability scheme (discussed below), CERCLA enforcement by any party represents potentially major environmental and financial exposure for businesses, government, and individuals.  Because of this potential for massive liabilities—which may dramatically expand further given the Agency's recent proposed rule[2] to designate two substances, common in the environment, as hazardous substances subject to CERCLA—now may be a suitable time for reexamining agency practices in this area.[3]  As we noted in our comments on the pending proposal, we are concerned that the proposed designation may result in a new wave of CERCLA litigation that "could be unleashed, not only between site owners and EPA, but among public and private potentially responsible parties (PRPs) attempting to allocate costs for cleanup."[4]

The Chamber and its members share EPA and DOJ goals regarding remediation consistent with the "main purposes of CERCLA—prompt cleanup of hazardous waste sites and imposition of all cleanup costs on the responsible party."[5]  Settlement agreements are an important tool for achieving these goals.[6]  Our principal question is whether current EPA

---

[1] Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C.§ 9601 *et seq.*
[2] Designation of Perfluorooctanoic Acid (PFOA) and Perfluorooctanesulfonic Acid (PFOS) as CERCLA Hazardous Substances, 87 Fed. Reg. 54415 (proposed Sept. 6, 2022) (to be codified at 40 C.F.R. § 302).  *See generally* Comments of the U.S. Chamber of Commerce Coalition of Companies and Trade Associations on Proposed Rule, Environmental Protection Agency; Designation of Perfluorooctanoic Acid (PFOA) and Perfluorooctanesulfonic Acid (PFOS) as CERCLA Hazardous Substances; 87 Fed. Reg. 54,415 (Sept. 6, 2022), Docket ID No. EPA–HQ–OLEM–2019-0341 (Nov. 7, 2022) ("Chamber Comments").  The Office of Management and Budget (OMB) is considering a broader advance notice of proposed rulemaking, submitted by EPA for OMB review, which relates to the prospect of designating additional PFAS substances as hazardous under CERCLA.  See https://www.reginfo.gov/public/do/eoDetails?rrid=298163; https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202210&RIN=2050-AH25.
[3] The Office of Management and Budget (OMB) is considering a broader advance notice of proposed rulemaking, submitted by EPA for OMB review, which relates to the prospect of designating additional PFAS substances as hazardous under CERCLA.  See https://www.reginfo.gov/public/do/eoDetails?rrid=298163; https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202210&RIN=2050-AH25
[4] Chamber Comments 2.
[5] *Key Tronic Corp. v. United States*, 511 U.S. 809, 815 n.6 (1994) (quoting *General Elec. Co. v. Litton Indus. Auto. Sys., Inc.*, 920 F.2d 1415, 1422 (8th Cir. 1990).
[6] *See generally* Brief of Amici Curiae Chamber of Commerce et al., *Atlantic Richfield Co. v. Christian*, No. 17-1498, at 4 & n.2, 20-22 (S. Ct. filed Aug. 2019).

and DOJ practices in this area may be improved to better serve the statutory objectives and to better comport with relevant legal and policy principles.

One question relates to practices concerning extinguishing PRPs' liability to other private PRPs through settlement agreements. For example, CERCLA contains a number of provisions that indicate that a PRP that has resolved its liability to the government through settlement "shall not be liable for claims for contribution regarding matters addressed in the settlement."[7] Depending on the application, extinguishing through settlement any further contribution claim against a party asserted by any entity, public or private, and not just claims asserted by the United States, could raise certain legal and policy concerns.

Section 113, for example, creates a private right of action for contribution among PRPs;[8] the purpose of this right of action is to "create a mechanism for apportioning CERCLA-defined costs" among private actors.[9] By absolving select PRPs of liability for contribution to other PRPs through settlement, the Agency disposes of the claims of absent parties. Depending upon how it is employed, such a practice raises the potential for due process and takings issues, particularly in cases where absent parties may have strong claims against settling PRPs who bear considerable responsibility for contributing to the cleanup costs at issue.[10] This practice amounts, in effect, to a "protection racket," as the government may lack "the legal authority to extinguish another person's claims for response costs under CERCLA."[11]

In addition to legal concerns, such practices may raise policy questions. Given the potential for inequitable results, the Chamber is concerned that EPA and DOJ may not be taking sufficient steps to ensure that costs apportioned to one party via settlement will not ultimately result in other parties bearing disproportionate shares of liability. We thus inquire (1) as to what, if any, procedures EPA and DOJ have in place to anticipate and avoid such outcomes; and (2) as to whether now is a suitable time for EPA and DOJ to consider new procedures to address such issues.

Congress has on multiple occasions considered revising its approach under CERCLA but has elected to maintain an approach of joint and several liability combined with the ability of the government and PRPs to recoup the costs of cleanup from responsible parties. Both to ensure timely clean-up of polluted sites and ensure that the appropriate parties bear responsibility, it is critical that the EPA and DOJ enforce CERCLA consistent with the approach embodied in the law. As EPA continues to consider potential new regulatory actions under CERCLA, and as EPA and DOJ continue to take important steps to further the resolution of CERCLA disputes that have major implications for U.S. businesses, we urge EPA and DOJ to look anew at whether current practices may warrant updating and reconsideration in light of new developments. We would welcome a meeting to discuss these questions and concerns in greater detail.

Sincerely,

Neil L. Bradley
Executive Vice President, Chief Policy Officer,
And Head of Strategic Advocacy
U.S. Chamber of Commerce

---

[7] 42 U.S.C. § 9613(f)(2); see also *id.* §§ 9622(f)(2), (g)(5), (h)(4).
[8] 42 U.S.C. § 9613(f)(1).
[9] *See County Line Co. v. Tinney*, 933 F.2d 1508, 1517 (10th Cir. 1991).
[10] *See generally Hansberry v. Lee*, 311 U.S. 32, 40 (1940) (due process); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428-31 (1982) (due process); *Ruckelshaus v. Monsanto Co.*, 467 US 986, 1003-04 (1984) (takings).
[11] Light, *supra* note 8.