# Exhibit F

No. 21-36042

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

COLUMBIA FALLS ALUMINUM COMPANY,
        *Plaintiff-Counter-Defendant-Appellant*,

v.

ATLANTIC RICHFIELD COMPANY,
        *Defendant-Counter-Claimant-Appellee*.

On Appeal from the U.S. District Court for the District of Montana in Case No. 9:18-cv-131 (Honorable Donald W. Molloy)

### ATLANTIC RICHFIELD COMPANY'S ANSWER BRIEF

Shannon Wells Stevenson
Jonathan W. Rauchway
Adam S. Cohen
Gail L. Wurtzler
DAVIS GRAHAM & STUBBS
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379

*Counsel for Atlantic Richfield Company*

August 1, 2022

complete contractual defense for Atlantic Richfield; however it simultaneously acknowledged that "the circumstances surrounding the 1985 Agreement support allocating the greater cleanup responsibility to CFAC." (1-ER-46 – 47, ¶ 88.)

> **B.** **The Court Analyzes in Detail the Site's Multiple Waste Streams, Existing Conditions, and Environmental Investigations.**

In addition to its detailed review of the contractual arguments, the court also devoted 46 pages of its order to findings regarding all relevant aspects of the contamination at the Site, including the different waste streams associated with the aluminum production process (1-ER-47 – 56, ¶¶ 89-114); the conditions at eleven specific areas of contamination within the Site (1-ER-56 – 83, ¶¶ 115-99); and EPA's investigation and recommendations for remediation with respect to the six Decision Units (1-ER-83 – 93, ¶¶ 200-30).

> **C.** **The Court Conducts Its Equitable Allocation, Beginning with the Gore Factors, and Concluding with the Parties' Contractual Relationship and Relative Economic Benefit.**

Finally, the court conducted its equitable allocation. It laid out the correct standard, noting that it may use "such equitable factors as the court determines are appropriate"; and that it need not allocate response costs to a mathematical certainty, but should "'apply general principles of fairness and equity.'" (1-ER-137 – 38, ¶ 369.)

The court then described in detail each party's proposed allocation approach. CFAC's expert, David Batson, proposed a three-phased allocation, first setting a

17

baseline percentage based on the parties' relative contributions to quantities of contamination within specific areas of the Site, then modifying for the parties' conduct relative to the area, and then applying offsets for other equitable factors. (1-ER-139 – 41, ¶¶ 372-76.) The court rejected CFAC's approach for three reasons. First, the court concluded that Batson's allocation "places the maximum cost burden on the opposing party," which Batson previously had been criticized for doing by another court (the only other court to have evaluated an allocation by Batson). (1-ER-142, ¶ 378.) Second, Batson's groundwater allocation "diverge[d] from the evidence at trial" and "did not distinguish between the toxicity of waste streams by each party." (1-ER-143 – 44, ¶¶ 380-81.) Finally, Batson gave no consideration to the parties' contractual arrangements or their relative economic benefits, nor did he explain, as a practical matter, how his 12 proposed allocation ratios could be implemented at the Site. (1-ER-145, ¶ 382.)

Atlantic Richfield's proposed allocation was much simpler. It argued that the parties' operations at the Site were comparable, and that the costs could be allocated on a Site-wide basis, taking into account the parties' conduct, contractual relationship, and relative economic benefits. (1-ER-146, ¶ 384.)

18

(OB at 46.) How CFAC gets from 50-50 to two-thirds/one-third is unexplained. Not only is that argument inappropriate for this appellate court to consider, but it also affords no basis for any court to determine Atlantic Richfield's equitable share. The Court should disregard it.

## CONCLUSION

For the foregoing reasons, Atlantic Richfield respectfully requests that this Court affirm the district court's judgment.

August 1, 2022

Respectfully Submitted,

*s/ Shannon Wells Stevenson*
Shannon Wells Stevenson
Jonathan W. Rauchway
Adam S. Cohen
Gail L. Wurtzler
DAVIS GRAHAM & STUBBS
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379

*Attorneys for Defendant-Appellee*

49

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**This brief contains 10,765 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[x] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties;
    [ ] a party or parties are filing a single brief in response to multiple briefs; or
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).


**Signature** s/ Shannon Wells Stevenson      **Date** August 1, 2022
*(use "s/[typed name]" to sign electronically-filed documents)*